(10 Misc. Rep. 422.)

### PRINCE v. FELLER et al.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

APPEAL—WEIGHT OF EVIDENCE:
    The decision of a justice of the district court of New York city on conflicting evidence will not be disturbed on appeal.

Appeal from Fifth district court.

Action by Adolph Prince against Jacob Feller and Israel Doushkess for goods sold and delivered. From a judgment in favor of plaintiff rendered by a justice without a jury defendants appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Charles F. Holme, for appellants.

Jacob Levy, for respondent.

GIEGERICH, J. The complaint alleges that the Burger Brewing Company sold and delivered to the defendants merchandise, consisting of beer, amounting to $147.35; that no part thereof has been paid; and that prior to the commencement of the action the claim was assigned to the plaintiff. The defendant Jacob Feller interposed no defense. The defendant Israel Doushkess put in an answer which substantially denied all the allegations of the complaint, and, as a further defense, alleged that he, individually, purchased beer from the plaintiff's assignor, upon which he was allowed a rebate of $19.50; that he paid to the plaintiff's assignor $30 "on

account of said beer," leaving a balance of $28.50, which plaintiff's assignor refused to accept, and which sum he alleged his willingness to pay and produce on the trial of the action. The record, however, fails to show that such, or any other sum, was produced upon the trial. There was a conflict of testimony upon the questions raised by the pleadings between the plaintiff, who was an agent and collector of his said assignor, and the defendant Feller, upon the one hand, and the defendant Doushkess on the other; and, upon the whole, we conclude from the evidence that the justice was amply justified in finding, which, from the judgment rendered, we assume he did, that the defendants were copartners during the times alleged in the complaint; that beer was sold and delivered to them, as such, for the amount claimed; that no payments were made on account thereof; and that no rebate had been earned or allowed. The determination of these questions being peculiarly within the province of the justice, they are therefore not the subject of review here; the elements justifying such review not appearing in this case. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776. It follows that the judgment should be affirmed, with costs.